[873 NYS2d 219]

In the Matter of MARTIN SCHNEE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 17, 2009

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*Thomas Sassone*, New City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on December 12, 1966.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated December 14, 2006, containing six charges of professional misconduct. After a preliminary conference on February 29, 2008, and a hearing on April 3, 2008, the Special Referee sustained charges one, two, four and six. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustained charges one, two, four and six of the petition, disaffirm the report insofar as it failed to sustain charges three and five, and impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the report as to charges one, two, four and six, and to confirm the report as to charges three and five.

Charge four alleges that the respondent employed an unenforceable and improper retainer containing a provision rendering Hector Sanchez's initial payment nonrefundable, in violation of Code of Professional Responsibility DR 2-110 (a) (3) and (b) (4) and DR 2-106 (a) (22 NYCRR 1200.15 [a] [3]; [b] [4]; 1200.11 [a]). In July 2005, Hector Sanchez retained the respondent to represent him in a lawsuit against Five Towns Mitsubishi and Chase Auto Finance regarding a disputed auto sale. The retainer agreement contained a flat fee provision of $3,250. The agreement provided, in relevant part: ''We will require an initial retainer payment of $3,250.00 upon the signing of this agreement. This retainer payment is not refundable, even if the case is settled or

otherwise disposed of before the full payment is applied in the monthly billing statement."

Charge six alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). The respondent prepared a letter on Sanchez's behalf to Chase Auto Finance, along with other motion papers and supporting documents, to stop the sale of Sanchez's automobile. Those documents included, inter alia, an order to show cause and temporary restraining order, which were to be filed by an individual other than the respondent. It appears that the order to show cause was either never filed or was filed but never signed. The respondent failed to follow up after he prepared the court papers.

Based on the respondent's admissions and the evidence adduced at the hearing, we find that charges four and six are sustained, but charges one, two, three and five are not sustained. Accordingly, the Grievance Committee's motion to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that charges four and six are sustained, and is otherwise denied. The respondent's cross motion to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that charges one, two, three and five are not sustained, and is otherwise denied.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider, in mitigation, that, at the time he was involved in the Sanchez matter, his wife was gravely ill and that he was preoccupied with caring for her. The respondent submitted various letters from attorneys who worked with him in the past and they all attest to his diligence and professionalism. The respondent has no prior disciplinary history.

Under the totality of circumstances, the respondent is publicly censured.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and McCARTHY, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that charges four and six are sustained, and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that charges one, two, three and five are not sustained, and is otherwise denied; and it is further,

Ordered that the respondent, Martin Schnee, is publicly censured for his professional misconduct.